**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALVIN BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-1249 (DLF) |
| | ) | |
| JOHN DELEEUW, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PETITION**

Respondent John DeLeeuw ("Respondent") hereby files this Motion for Extension of Time to Respond to Petition.  Petitioner Alvin Brown ("Petitioner") filed his Petition for Leave to Issue Writ of Quo Warranto, ECF No. 1 ("Petition" or "Pet."), on April 14, 2026.  An Affidavit of Mailing Service filed by Petitioner indicates service on the U.S. Attorney's Office on April 20, 2026.  ECF No. 8, at 1.  This service date corresponds to a response deadline of June 22, 2026.  Fed. R. Civ. P. 12(a)(2).[1]  Respondent intends to respond by filing a motion to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b).  Respondent respectfully requests that the Court extend this deadline until 21 days after the Supreme Court issues an opinion in *Trump v. Slaughter*, No. 25-332 (U.S.).  Respondent's counsel conferred with Petitioner's counsel regarding this motion.  Petitioner's counsel indicated that Petitioner does not oppose this motion.

This extension is warranted because *Slaughter* will most likely have significant bearing on the parties' briefing and the Court's resolution of the forthcoming motion to dismiss.  In the Petition, Petitioner seeks to oust Respondent from his role as a presidentially appointed and Senate-

---

[1] Sixty days after April 20, 2026, is June 19, 2026.  However June 19 is a federal holiday and a Friday, so the deadline is the following Monday, June 22.  *See* Fed. R. Civ. P. 6(a)(1).

confirmed Member of the National Transportation Safety Board ("NTSB").  Pet. ¶ 4; *id.*, Request for Relief, ¶ (e).  Petitioner formerly served in Respondent's seat on the NTSB before President Trump removed Petitioner on May 5, 2025.  *Id.* ¶¶ 25-26.  The gravamen of the Petition is that Petitioner "was never properly removed," and thus "there was no vacancy for [Respondent] to lawfully fill," purportedly making Respondent's service "a usurpation" redressable through quo warranto.  *Id.* ¶ 54.  Petitioner's lead argument for why his removal was unlawful is that it purportedly violated 49 U.S.C. § 1111(c), which provides that the President may remove members "for inefficiency, neglect of duty, or malfeasance in office."

The Petition thus presents this Court with the question of the constitutionality of the NTSB's for-cause removal provision, an issue inextricably bound with questions before the Supreme Court in *Slaughter*.  As Petitioner has indicated in the related case pending before this Court in which he sued President Trump and others to challenge his removal, *Brown v. Trump*, No. 1:25-cv-1764-DLF (D.D.C.), his position that the for-cause removal provision is constitutional rests on the argument that the NTSB falls within "the *Humphrey's Executor* exception" to the general rule "that the President has an implied power to remove officers of the United States."  *See* Mem. of Points and Authorities in Supp. of Pl's. Mot. for Summ. Judg. at 11-12, *Brown v. Trump*, ECF No. 17-1 (citing *Humphrey's Executor v. United States*, 295 U.S. 602 (1935)).  Yet in *Slaughter*, the Supreme Court is considering whether a statutory for-cause removal protection for members of another multi-member commission, the Federal Trade Commission, "violate[s] the separation of powers and, if so, whether [*Humphrey's Executor*] should be overruled."  *See* *Slaughter*, 146 S. Ct. 18 (Mem.) (2025).

This requested extension would also align this case with how this Court has handled *Brown v. Trump*.  In *Brown v. Trump*, this Court stayed Count I of the First Amended Complaint, in which

Petitioner (plaintiff in *Brown v. Trump*) claimed that his removal was ultra vires in violation of 49 U.S.C. § 1111(c).  This Court recognized "that the Supreme Court's decision in [*Slaughter*] is likely to impact" Count I.  Minute Order, *Brown v. Trump* (Dec. 29, 2025).  The Petition presents the same legal theory as Count I, that Petitioner's removal violated 49 U.S.C. § 1111(c).  *Compare* Pet. ¶¶ 2, 52, *with* 1st Am. Compl. ¶¶ 2, 52-57, *Brown v. Trump*, ECF No. 25.  Thus, the same justification for delaying the government's response to Count I of the First Amended Complaint in *Brown v. Trump* until after the Supreme Court's ruling in *Slaughter* applies here.  It is true that in *Brown v. Trump*, this Court did not stay Petitioner's claim in Count II challenging his removal as racial discrimination under the Fifth Amendment, *see* Minute Order, *Brown v. Trump*, (Dec. 29, 2025), which correspondents to the second reason that Petitioner contends his removal was unlawful in the Petition, *see* Pet. ¶ 53.  However, in *Brown v. Trump*, the ultra vires claim and the Fifth Amendment claim were presented as two distinct causes of action, such that the Court could bifurcate the case by staying Count I and declining to stay Count II.  Here, the Petition presents a single cause of action for quo warranto.  *See* Pet. ¶¶ 51-54.

In addition, an extension is warranted because undersigned counsel has faced and will face pressing obligations in several other matters, including the following:  (a) In *American Federation of Government Employees v. Trump*, No. 3:25-cv-3698 (N.D. Cal.), defendants have three briefs due on June 12: a response to plaintiffs' supplemental brief in support of plaintiffs' motion for preliminary injunction, a response to plaintiffs' motion for discovery sanctions, and a reply brief in support of defendants' motion to dismiss.  A hearing on these motions is scheduled for June 23. (b) In *In re Grand Jury Investigations*, 1:25-mc-174-JEB (D.D.C.), the government's deadline to submit documents responsive to petitioner's application to the court in camera is June 25; (c) In *In re Application of the British Broadcasting Corp. for Access to Opinions and Orders*, 1:26-mc-

81-JEB (D.D.C.), the government's response to the petitioner's application is due July 1.  (d) In *Smith v. United States*, No. 4:24-cv-334 (N.D. Tex.), defendants' reply brief in support of defendants' motion to dismiss is due July 3.

Because the Supreme Court traditionally completes releasing opinions for a term by the end of June or early July, the requested extension likely would not significantly delay resolution of this matter.  It also would not prejudice any party, as shown by the fact that Petitioner does not oppose this motion.

For the foregoing reasons, Respondent respectfully requests that the Court grant this Motion and enter an order extending Respondent's deadline to respond to the Petition to 21 days after the Supreme Court issues an opinion in *Trump v. Slaughter*, No. 25-332 (U.S.).

Dated:  June 11, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

CHRISTOPHER R. HALL
Assistant Director, Federal Programs Branch

*Attorneys for Respondent*